UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DILLINGER, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-01236-JMS-TAB |
| ) | |
| ELECTRONIC ARTS, INC., ) | |
| ) | |
| Defendant. ) | |

**DISCOVERY ORDER**

A discovery dispute has developed in this right of publicity action in which Plaintiff alleges that it has the exclusive right to control the use of the name of notorious criminal John Dillinger, which Defendant uses in its *Godfather* video games. The main bone of contention is the breadth of Plaintiff's proposed discovery and its resulting burden on Defendant.

The parties appeared by counsel telephonically on August 13, 2010, to address this dispute. The Court heard argument for approximately one hour, with supplemented "letter" briefs the parties exchanged with each other and provided to the Magistrate Judge. The Court agrees that Plaintiff's discovery is overly broad and unduly burdensome, and sustains Defendant's objections consistent with this order.

In considering the parameters of discovery in this particular case, its procedural history is noteworthy. On May 11, 2010, the Court granted Defendant's motion to stay discovery [Docket No. 56] pending a ruling on the Defendant's motion to dismiss. On July 8, the Court denied the motion to dismiss, but did so without prejudice and expedited briefing of Defendant's First

Amendment affirmative defense, while keeping in place a stay of all discovery not related to the First Amendment defense. [Docket No. 63.] The Court also commented that resolving the First Amendment defense "will require the Court to wade into a thicket of constitutional law muddled by a Circuit split." [*Id*. at 2.]

With this backdrop, Plaintiff served extremely broad discovery that sought, for example: (1) documents and Rule 30(b)(6) testimony regarding every right of publicity, trademark, or copyright lawsuit to which Defendant had been a party since 1995; and (2) all final and draft versions of every right of publicity and trademark license Defendant has entered into—or considered entering into—since 1995. While Plaintiff sought many other documents than these, the foregoing requests sufficiently demonstrate the exceedingly large discovery swath Plaintiff seeks to cut as well as the undue burden that would fall upon Defendant to respond.

But respond Defendant did. Despite its objections, Defendant agreed to produce "all information that reasonably could be relevant to the First Amendment issue, including: all documents related to the decision to use the word Dillinger in the *Godfather* games; all documents related to the development and design of all *Godfather* games; all marketing and advertising materials related to all *Godfather* games; all consumer feedback EA has received regarding *Godfather* games; and all strategy guide-related materials related to the Godfather games." [Def.'s letter brief at 2.] Defendant estimates that this production would exceed 100,000 pages.

Defendant objects, however, to producing documents unrelated to the *Godfather* games. The Court finds this objection well taken. Plaintiff's proposed discovery has nothing to do with the issue before the Court on Defendant's First Amendment defense—whether the Defendant's

use of the name Dillinger in the *Godfather* games is a permissive expressive use. And requiring Defendant to trudge through 15 years' worth of documents concerning licenses and lawsuits unrelated to the *Godfather* games is unduly burdensome. Defendant has represented to the Court that it "does not have a central agreements database, does not sort its license agreements by type (e.g., trademark, copyright, publicity right), and cannot run text-searches of documents given the format of electronically stored documents and a significant quantity of hard copy licenses. Plaintiff's request would require a multi-continent search for and one-by-one review of documents." [Def.'s letter brief at 5.]

Considering the issues raised by Defendant's First Amendment defense, the procedural posture of the case, and the sweeping breadth of Plaintiff's discovery requests, Defendant's objections are well taken and are sustained. Plaintiff has the ability to seek some additional discovery through Rule 30(b)(6) depositions—a topic the parties are actively discussing. And if Plaintiff believes that it truly needs additional discovery to respond to Defendant's forthcoming summary judgment motion, Rule 56(f) provides a procedure for requesting additional relief. However, the Court will strictly hold the Plaintiff to the requirements of Rule 56(f)—(and the perils of Rule 56(g)—and the Plaintiff should therefore not utilize that device as an effort to have the Court reconsider the holdings in this order or otherwise broaden discovery beyond the *Godfather* games.

Dated: 08/16/2010

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Peyton Louis Berg
BOSE MCKINNEY & EVANS, LLP
pberg@boselaw.com

Keirian Antares Brown
TAFT STETTINIUS & HOLLISTER LLP
kbrown@taftlaw.com

Ronald E. Elberger
BOSE MCKINNEY & EVANS, LLP
relberger@boselaw.com

R. Adam Lauridsen
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111-1704

Melissa J. Miksch
KEKER & VAN NEST LLP
mmiksch@kvn.com

Erin C. Nave
TAFT STETTINIUS & HOLLISTER LLP
enave@taftlaw.com

Craig Eldon Pinkus
BOSE MCKINNEY & EVANS, LLP
cpinkus@boselaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP
jpolak@taftlaw.com

R. James Slaughter
KEKER & VAN NEST LLP
rslaughter@kvn.com